IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

GARY G. REARDON and CHARLES ALDOUS,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA,

    Defendant.

_____/

## COMPLAINT PURSUANT TO THE FTCA

**COME NOW** the Plaintiffs, GARY G. REARDON and CHARLES ALDOUS by and through their undersigned attorneys, and sue the Defendant, UNITED STATES OF AMERICA ("USA") and allege:

### I. INTRODUCTION AND THE PARTIES

1. This is an action pursuant to the Federal Torts Claim Act (FTCA) to redress personal injuries and damages that Plaintiffs have suffered and will continue to suffer as a result of the Defendants' medical malpractice.

2. Plaintiffs, GARY G. REARDON and CHARLES ALDOUS, are adult married residents of Palm Beach County, Florida.

3. Plaintiffs are natural persons, over the age of 21, and otherwise *sui juris*.

4. Defendant, is responsible for the administration of health care and medical services to members of our military. The U.S Department of Veteran Affairs designated facilities known as the West Palm Beach VA Medical Center and Boca Raton Community Based Outpatient Clinic responsible for the administration of these services in Palm Beach County, Florida.

5. Prior to filing this lawsuit, Plaintiffs complied with all conditions precedent including those set forth pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, et seq. and more than six months and one day have passed before proceeding with this action.

## II. JURISDICTION AND VENUE

6. The acts and omissions by the Defendants complained of in this lawsuit occurred in Palm Beach County, Florida; accordingly venue is proper in the Southern District of Florida.

7. This is an action pursuant to the FTCA and within the jurisdiction of the Court.

## III. FACTUAL ALLEGATIONS

8. On February 1, 2016, Mr. Reardon presented to the VA for a "check-up" with the following signs and symptoms: severely elevated blood pressure of 210/120, chronic headaches, obesity with a height of 5 feet 8 inches, weight of 233 lbs and a body mass index of 33.53 and a history of having quit smoking 3 to 4 years before.

9. The standard of care required that he be admitted to the hospital in order to gradually, under monitoring, lower his blood pressure.

10. Instead of being admitted to the hospital, Mr. Reardon was merely told by Nurse Practitioner Deborah Bray that his blood pressure was elevated and that he should start medication to treat his blood pressure.

11. The medication was then ordered by the V.A. and was supposed to arrive by mail several days later.

12. Mr. Reardon still had not received his medication as of February 8, 2016.

13. Due to his concern for his continued high blood pressure, Mr. Reardon presented himself to the V. A. clinic on February 8, 2016 for a blood pressure check. His blood pressure was 194/126 and, at that time, he was given a hand written prescription so that he could pick up his medication immediately. On February 8, 2016 he went to Publix filled the prescription and began taking the prescribed medication. Unfortunately the delay in receiving the proper medication and the failure to administer blood pressure lowering medication in a controlled setting such as a hospital and in a controlled manner caused an expected and preventable stroke.

14. On February 11, 2016 Mr. Reardon returned to the outpatient V.A. clinic and provided the history that since 2 AM he had right-sided weakness and slurred speech.

15. The record states "was recently started on blood pressure meds, states took today, "191/115 pulse 103 patient with slurred speech, left facial droop and weakness no cotton wool spots noted. Lungs clear cardio tacky EMS was alert and transferred patient to local ER during exam". This note was entered by Jennifer Berger-Levine DO. The V.A. clinic records stated, "the patient stated he thinks he had a stroke last night. He reports the symptoms developed at 2 AM did not call 911 or go to the hospital because he states he was unsure what to do. Patient presents with slurred speech and right-sided weakness. Denies shortness of breath and chest pain 191/115 pulse 103." EMS was called and he was transported to Boca Raton Regional Hospital. Additionally, according to the records of BRRH he was at the time of presentation outside the window for thrombolytic therapy.

16. The appropriate standard of care for the presentation to Deborah Bray, ARNP on February 1, 2016 and the Boca Raton Community Based Outpatient Clinic on February 8, 2016 was to immediately send the patient to an Emergency Room with instructions to be admitted for

evaluation and treatment of his severely elevated blood pressure. Only once the patient was stabilized and his blood pressure was well controlled under hospital supervision, would the patient would then be allowed to leave the hospital and self administer anti-hypertensive medication. Further, the standard of care required that Mr. Reardon be informed that he was at increased risk of a stroke and instructed that if he were to experience facial drooping, arm weakness or slurred speech he should call 911.

## COUNT I – NEGLIGENCE

17. The United States of America undertook to provide medical care to the Plaintiff and thus had a duty to Plaintiff GARY REARDON to exercise reasonable care and provide care consistent with that which would be provided by a reasonably prudent healthcare provider.

18. Between February 1, 2016 and February 8, 2016, the Defendant through its agents servants and employees, including but not limited to, Deborah Bray, ARNP, Philip Henrique, LPN and Jennifer Berger Levine, D.O fell below the standard of care in:

   a. Failing to refer Mr. Reardon to the Emergency Room for urgent hypertension on February 1, 2016 and February 8, 2016;

   b. Diagnosing his condition on February 1, 2016 as "hypertension or borderline hypertension;"

   c. Failing to refer Mr. Reardon to a cardiologist on February 1, 2016;

   d. Prescribing at home oral anti-hypertensives for a patient who was experiencing a hypertensive emergency;

   e. Delaying proper treatment;

   f. Ordering a routine follow-up of six months for a patient who was experiencing severely elevated blood pressure or hypertensive urgency;

    g.    Failing to educate Mr. Reardon on the signs and symptoms of stroke and to call 911 if they were to occur;

    h.    Failing to provide education and management protocols for anti-hypertensives as required by the protocol between Deborah Bray, ARNP and Jennifer Berger Levine, D.O;

    i.    Failing to collaborate with physicians and other healthcare professionals to manage Mr. Reardon's complex health problems;

    j.    Failing to provide a protocol for the treatment of severely elevated blood pressure or urgent hypertension;

    k.    Failing to provide adequate physician supervision of Deborah Bray, ARNP;

    l.    Otherwise deviating from the accepted standard of care.

19. That the Defendant was negligent in the hiring, retention, training and supervision of Nurse Practitioner Bray and other employees who had the opportunity to provide appropriate care to Mr. Reardon between February 1 and February 11, 2016. Further, the physician medical doctor supervising Deborah Bray was negligent in his or her supervision of Nurse Practioner Bray and other employees and in failing to provide an appropriate protocol for the treatment of severely elevated blood pressure.

20. As a result of the Defendants negligence the Plaintiff was injured and suffered damages.

21. As a result of these breaches in the standard of the standard of care, Mr. Reardon suffered damages including but not limited to: a stroke in the lateral aspect of the left thalamic nucleus involving the internal capsule; required six weeks of in-patient rehabilitation; became permanently mentally and physically disabled; and is currently dependent upon a walker with right

sided weakness and other bodily injuries and pain and suffering including the loss of the ability to work; required and/or will require among other medical treatment, surgery, endured and sustained pain and suffering, disability and physical impairment, disfigurement, mental anguish, emotional distress, inconvenience, loss of capacity for the enjoyment of life, expenses for hospitalization, medical, nursing, surgical, rehabilitative, and palliative care and treatment, out of pocket expenses, loss of wages and/or lost future earning capacity and/or loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing in nature.

22. Plaintiff has suffered these losses in the past and will suffer these losses in the future.

WHEREFORE, the Plaintiff, GARY G. REARDON, respectfully requests and therefore demands judgment against Defendant, UNITED STATES OF AMERICA for compensatory damages in excess of seventy five thousand dollars ($75,000), interest as allowed under the law, costs, and any and all other damages deemed appropriate.

## COUNT II - LOSS OF CONSORTIUM AGAINST ALL DEFENDANTS

Plaintiff, CHARLES ALDOUS, reaffirms and adopts paragraphs 1 through 19 as though fully set forth herein and further alleges that:

23. As a direct and proximate result of all of the foregoing allegations, Plaintiff, CHARLES ALDOUS, as the spouse of GARY G. REARDON, has sustained losses and should be fairly and adequately compensated by reason of his husband's injuries, and the loss of his services, comfort, society, and attentions in the past and in the future. Additionally, because of the injuries and disabilities suffered by GARY G. REARDON, Plaintiff CHARLES ALDOUS has incurred

and will continue to incur expenses for medical and nursing care and attention rendered and to be rendered to his spouse.

WHEREFORE, Plaintiff, CHARLES ALDOUS, respectfully requests and therefore demands judgment against Defendant, UNITED STATES OF AMERICA for compensatory damages in excess of seventy five thousand dollars ($75,000), interest as allowed under the law, costs, and any and all other damages deemed appropriate.

Dated this 2nd day of August, 2018.

Respectfully submitted,

ROBERTS, P.A.
*Attorneys for Plaintiffs*
2665 South Bayshore Drive, Suite 300
Coconut Grove, FL 33133
Telephone: 305-442-1700
Fax: 305-442-2559
Primary Email: roberts@robertspa.com
Secondary Email: gloria@robertspa.com

By: /s/ H. Clay Roberts
    H. CLAY ROBERTS, ESQ.
    Fla. Bar No.: 262307